**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LANDON SCOTT SPEARS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1031** |
| **WASHINGTON PARISH SHERIFF'S OFFICE** | **SECTION "E" (4)** |

## REPORT AND RECOMMENDATION

Plaintiff Landon Scott Spears ("Spears") filed a complaint pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. Background

### A. Complaint (ECF No. 6)

Spears, a current inmate in the Walton County Jail located in Tylertown, Mississippi, filed this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against defendant Washington Parish Sheriff's Office from events arising when he was pretrial detainee in the Washington Parish Jail. ECF No. 6 at 1; *id*., ¶III(B), at 4. Spears alleges that on April 13, 2025, he was housed with a state prisoner named D. Spurlock who attacked him causing permanent vision damage to his eye. *Id*., ¶IV, at 4-5. Spears states he was transferred to a different facility in the days shortly after the incident. *Id*. at 3. As relief, Spears requests monetary compensation for his medical bills, the injury to his eye, and requests he return to state court to have his case re-tried given that the State failed to keep his body safe. *Id*., ¶V, at 5.

## II. Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Improper Defendant

Spears named the Washington Parish Sheriff's Office as a defendant in this matter. ECF No. 1 at 1; *id.*, ¶III(B), at 4. As outlined below, Washington Parish Sheriff's Office is not a proper

defendant and the claims against it must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361 and *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. Apr. 12, 2001)). The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action. *Causey*, 167 F. Supp. 2d at 909 (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236, 238-39 (La. App. 3d Cir. 1977).

Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability. *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (sheriff's office); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (city police department office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F.3d 1005 n.1 (5th Cir. 1995)) (city police department).

For these reasons, Washington Parish Sheriff's Office is not a person or suable entity to be held liable under § 1983. Thus, the claims against it are frivolous and otherwise fail to state a claim

for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

**B. <u>No Constitutional Violation</u>**

Even if Spears were afforded an opportunity to identify a suable defendant, his claims would still be subject to dismissal as frivolous because he has not identified a constitutional violation arising from his placement in the jail with a state prisoner. Spears's complaint indicates that he was housed with state prisoner D. Spurlock when he was attacked, resulting in vision damage to his right eye. Spears further states he was moved to a different facility in the days following the altercation.

Generally, the classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). The courts recognize a due process right to certain prison classifications "only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." *Ricker v. Leapley*, 25 F.3d 1406, 1409 (8th Cir. 1994) (citing *Swenson v. Trickey*, 995 F.2d 132, 134 (1993)). No such limit exists here because "[c]lassification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." *Woods v. Edwards*, 51 F.3d 577, 581-82 (1995) (quotation omitted).

Further, there is no *per se* constitutional prohibition to housing pretrial detainees and convicted inmates together where no pervasive risk of harm exists and the pretrial detainee is not in an environment "where terror reigns." *Jones v. Diamond*, 636 F.2d 1364, 1376 (5th Cir. 1981), *overruled on other grounds by International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986); *Stokes v. Delcambre*, 710

F.2d 1120 (5th Cir. 1983) (sheriff housed college students arrested on a non-violent misdemeanor charge with a dozen inmates charged with violent felonies, leading to the students' severe beating and rape). Also, pretrial detainees may be housed with convicted inmates, even in the same cell, when it is required to maintain jail security. *Jones*, 636 F.2d at 1376.

In this case, Spears has not alleged that his placement with a state prisoner was indiscriminate or rampant throughout the jail and not rooted in the need to maintain security in the jail. Additionally, Spears stated he was transferred to another facility in the days following the incident.

Spears also has not asserted that jail officials were deliberately indifferent to a known risk to him, other than simply having housed him with a DOC inmate. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). While altercations between inmates is unfortunate, "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834).

Spears has not alleged a constitutional violation arising from his placement in the jail with a DOC inmate. His claims are subject to dismissal pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and, as applicable, 42 U.S.C. § 1997e for failure to state a claim for which relief can be granted.

As constitutional concerns are not implicated by Spears's claims that the state failed to protect him by housing him with a state prisoner who attacked him, it is unnecessary to afford him an inherently futile opportunity to amend to name specific deputies as defendants. *See, e.g., Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) (holding that amendment not required because it was clear that underlying claim was frivolous and/or failed to state a claim on which relief may be granted); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an

opportunity to amend if he has already alleged his best case and any further amendment would not state a valid § 1983 claim).

### C. <u>Habeas Relief</u>

As part of his requested relief, Spears asks that he be returned to state court so that his criminal case may be re-tried due to the State's failure to keep his body safe. ECF No. 6, ¶V, at 5.

To the extent that Spear's complaint can be read to challenge his prior criminal conviction and the fact of his confinement, he must pursue that claim on habeas corpus grounds. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). However, a habeas request is not properly asserted or sought in this civil rights action as release from custody is not an available remedy under § 1983." *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *R.&R. adopted,* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *R.&R. adopted,* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021). Thus, Spears would have to present any habeas claims he may have in the proper habeas corpus proceeding, not this § 1983 complaint.

## <u>RECOMMENDATION</u>

For the foregoing reasons,

It is **RECOMMENDED** that plaintiff Landon Scott Spears's 42 U.S.C. § 1983 claims against defendant Washington Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

New Orleans, Louisiana, this 11th day of August, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[1] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.